IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TIMOTHY L. GADSON, SR.,

    Plaintiff,

v.                                                          CASE NO. 5:18-cv-45-MCR-GRJ

JULIE JONES, et al.,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, an inmate serving a sentence in the custody of the Florida Department of Corrections, initiated this case by filing ECF No. 1, a *pro se* civil rights complaint under 42 U.S.C. § 1983, and ECF No. 2, a motion for leave to proceed in forma pauperis. These filings were deficient, so the Court ordered Plaintiff to amend. (ECF Nos. 4, 5.) Plaintiff then filed ECF No. 7, another motion for leave to proceed as a pauper, and ECF No. 8, an amended complaint.

Consistent with the Court's screening obligation under 28 U.S.C. § 1915A, the Court screened the filings and identified a number of deficiencies. For starters, Plaintiff's motion to proceed *in forma pauperis* lacked the requisite completed Prisoner Consent Form and Financial Certificate and printout of all transactions in his prison account for the

proper six-month period. (ECF No. 10.)

The Court did not require Plaintiff to correct the aforementioned deficiencies because Plaintiff failed to fully disclose information regarding previous lawsuits. Plaintiff executed the complaint under penalty of perjury. (ECF No. 8 at 7.) The Court's civil rights complaint form requires prisoners to disclose information regarding previous lawsuits. (*Id.* at 8–9.) Prisoners are required to disclose whether they have initiated actions in state or federal court "with the same or similar facts/issues involved in this action," or "that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)[.]" (*Id.*) Further, they must identify any federal court actions that were dismissed as frivolous, malicious, failing to state a claim, or prior to service. (*Id.*)

In his amended complaint, Plaintiff identified two state court cases and one federal habeas corpus case. A review of the Court's PACER Case Locator reflects, however, that Plaintiff has filed at least two additional actions in federal district court while incarcerated. *See Gadson v. Fla.*

*Dep't of Corr. Sec'y*, No. 5:08-cv-107-RS-MD, ECF Nos. 15-16 (N.D. Fla. July 3, 2008) (dismissing Plaintiff's complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); *Gadson v, Gerber*, No. 9:18-cv-80209-DMM, ECF No. 1 (S.D. Fla. Feb. 6, 2018) (Plaintiff's § 1983 complaint seeking compensation for time in prison based on judicial misconduct).

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake Cty. Sheriff's Office*, No. 10-11070, 2011 WL 576601, at *4 (11th Cir. Feb. 10, 2011).[1] In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Eleventh Circuit held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits . . . ." *Id*. The Eleventh Circuit determined that dismissal was an appropriate

---

[1] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir. 1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed. R. Civ. P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case. The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal. *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form

could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

The Court therefore ordered Plaintiff to show cause on or before May 18, 2018, as to why this case should not be dismissed for abuse of the judicial process. (ECF No. 10.) As of the date of this report and recommendation, Plaintiff has not responded and the time for doing so has expired.

A district court has inherent power to control its docket, which includes dismissing a case. *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 998 (11th Cir. 1983). The Court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order. Fed. R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967).

Despite a clear directive to show cause by May 18, 2018, Plaintiff has failed to comply. Plaintiff has provided no explanation for his lack of candor. Furthermore, upon review of the instant complaint the Court finds that Plaintiff will not be prejudiced by the imposition of dismissal as a sanction.

The undersigned therefore concludes that dismissal of this case without prejudice for failure to comply with a Court order and as malicious for abuse of the judicial process is an appropriate sanction for Plaintiff's lack of candor. The dismissal of this case as malicious for abuse of the judicial process should operate as a "strike" pursuant to 28 U.S.C. § 1915(g).

Accordingly, for the foregoing reasons, it is respectfully **RECOMMENDED** that this case should be **DISMISSED without prejudice** for failure to comply with a Court order and as malicious for abuse of the judicial process under 28 U.S.C. § 1915A(b).

**IN CHAMBERS** this 23rd day of May 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**